UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK D. GREESON,

Petitioner,

v. Case No. 3:14-cv-1499-J-39JBT

SECRETARY, DOC, et al.,

Respondents.

---

**ORDER**

Petitioner challenges a 1994 (Suwannee County) conviction for one count of armed burglary of a dwelling with a firearm while wearing a mask (count 1), five counts of armed kidnaping with a firearm (counts 2-6), one count of armed robbery with a firearm while wearing a mask (count 7), and one count of conspiracy (count 8). Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1. He filed the Petition on November 10, 2014.[1] Petitioner raises two grounds

---

[1] The Court gives pro se inmate petitioners the benefit of the mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988). See 28 U.S.C. § 2244(d). Here, the Petition is not date-stamped, nor does it include a statement by Petitioner of the date the document was provided to the prison authorities for mailing. See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts ("If an institution has a system designed for legal mail,

seeking habeas relief. Respondents filed an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 22), and they calculate that the Petition is untimely filed. In support of the Response, they submitted an Appendix (Doc. 23).[2] Petitioner filed a Reply to State's Show Cause Filed July 16, 2015 (Reply) (Doc. 24). See Order (Doc. 11). Although he requests an evidentiary hearing, see Reply at 1, no evidentiary proceedings are required in this Court.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by

---

the inmate must use that system to receive the benefit of this rule."). Under these circumstances, the Court relies on the date that the Petition was filed with the Clerk of the United States District Court of the Northern District of Florida, November 10, 2014. On December 16, 2014, the Northern District Court transferred the case to this Court.

[2] The Court hereinafter refers to the exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

To adequately address Respondents' contention that Petitioner has failed to comply with the one-year limitation period, the Court will provide a brief procedural history. The record shows the following. Petitioner was charged by information. Ex. A at 1-6. A jury returned a verdict of guilty as charged. Id. at 69-77. On December 5, 1994, the trial court sentenced Petitioner to life in prison on counts 1-7, to be followed by a consecutive term of ten years probation on count 8. Ex. A at 106-24; Ex. C. Petitioner appealed. Ex. D; Ex. E; Ex. F. On December 7, 1995, the First District Court of Appeal (1st DCA) affirmed per curiam. Ex. G.

Petitioner filed a motion for rehearing, Ex. H, and the 1st DCA denied rehearing on January 11, 1996. Ex. I. The mandate issued on January 29, 1996. Ex. J. The conviction became final on April 10, 1996 (90 days after January 11, 1996, the date of the denial of rehearing on direct appeal) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

Petitioner's convictions became final prior to April 24, 1996, AEDPA's effective date; therefore, he had one year, up until April 24, 1997, to file a timely federal petition for writ of habeas corpus. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA); see Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085 (2000).

For Petitioner, the limitation period expired on April 24, 1997, and he did not file his Rule 3.850 motion in the state circuit court until June 16, 1997. Ex. K. See Petition at 3. This motion did not toll the federal one-year limitation period because it had already expired on April 24, 1997. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be

'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

The relevant procedural history does not end there. Significantly, for purposes of calculating the timeliness of the Petition, Petitioner, on December 22, 2005, filed a motion to correct his sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. Ex. YY. In an order filed on July 18, 2007, the circuit court granted (in part) the motion, crediting Petitioner with 228 days of jail time.[3] Ex. ZZ. Petitioner appealed. Ex. AAA; Ex. BBB. On February 7, 2008, the 1st DCA affirmed per curiam. Ex. CCC. The mandate issued on March 4, 2008. Ex. DDD. The limitation period began to run on March 5,

[3] Respondents assume arguendo that the trial court's order of July 18, 2007, granting jail credit, operated to reset the clock for purposes of calculating the one-year limitation period. Response at 16. This Court will do the same. See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) ("AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence.") (emphasis in original) (applying the United States Supreme Court's ruling in Burton v. Stewart, 549 U.S. 147 (2007)), cert. denied, 555 U.S. 1149 (2009). Here, the circuit court found that the "sentencing court erred in failing to award pre-sentence jail credit in the amount of 228 days." Ex. ZZ at 6. The court's granting of jail time credit does not constitute a correction of clerical or scrivener's error. The altered sentence restarts the clock.

2008, and ran for a period of 201 days, until Petitioner, on September 22, 2008, filed a Rule 3.850 motion for post conviction relief in the circuit court. Ex. GGG. This post conviction motion tolled the limitation period until the mandate issued on June 15, 2010.[4] Ex. MMM. The limitation period began to run on June 16, 2010. After running the final 164 days, the one-year limitation period expired on Saturday, November 27, 2010, here extended to the next week-day, Monday, November 29, 2010. Because Petitioner's limitation period included a year with a leap-day (2008), the Court gives Petitioner the benefit of an extra day, making his federal petition due Tuesday, November 30, 2010. He did not file the Petition until November 10, 2014. Based on all of the foregoing, the Petition, filed on November 10, 2014, is untimely.

Petitioner, in his Reply, contends that this Court's failure to address the merits of the Petition would result in a fundamental miscarriage of justice. Reply at 3. To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32

---

[4] Respondents incorrectly state that the mandate date is February 16, 2012. Response at 16. As reflected in the record, the mandate date is actually June 15, 2010. Ex. MMM. As a result, Respondents' subsequent calculations miss the mark, see Response at 16-17, but the inaccuracies in their calculations are inconsequential because the Court finds the Petition is untimely filed based upon its thorough review of the record.

(2013). To do so, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1985)).

In order to show gateway innocence, a petitioner must do the following:

> "An actual-innocence claim must be supported 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Milton v. Sec'y, Dep't of Corr., 347 Fed. Appx. 528, 530–31 (11th Cir. 2009) (quoting Schlup, 513 U.S. at 324, 115 S.Ct. 851). A "habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House, 547 U.S. at 538, 126 S.Ct. 2064. A court may also consider "how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." Id. at 537, 126 S.Ct. 2064 (quotation omitted).

Letemps v. Sec'y, Fla. Dep't of Corr., 114 F.Supp.3d 1216, 1221 (M.D. Fla. 2015).

As such, pursuant to Schlup and its progeny, Petitioner is required to offer new reliable evidence **that was not available at the time of his trial**. Upon review, Petitioner has not presented any new reliable evidence that was not available at the time of his trial.

Plaintiff mentions two alibi witnesses, Franklin D. Greeson, Sr., and Barbara N. Greeson, and the fact that they were not called

to testify at trial. Reply at 4. He asserts they "were deliberately not called to testify[.]" Id. at 5. This certainly is not an assertion which supports a claim that they were not available at the time of trial. Petitioner readily admits that they were available, but asserts they were deliberately not called to testify.

A more in-depth explanation follows. Petitioner's defense counsel, Kenneth N. "Sonny" Scaff, Jr., filed a Notice of Alibi listing Frank D. Greeson and Barbara N. Greeson, Petitioner's parents, as alibi witnesses. Ex. A at 34. The Notice also lists Debbie Greeson, Petitioner's ex-wife, as an alibi witness. Id. Also of note, defense counsel provided the names of Frank D. Greeson and Barbara N. Greeson in an Answer of the Defendant to the State's Demand for Reciprocal Discovery. Ex. K at 41. Based on the repeated references to Petitioner's parents in state court documents, it is quite apparent that defense counsel was fully aware of these potential witnesses. However, at trial, the defense elected to call Robin McDaniel, Larry Benedict, and Petitioner as witnesses.[5] Ex. B at 4. Also, it is undisputed that Petitioner's parents were in the courtroom during the trial. Ex. K at 28; Ex. R at 87.

---

[5] Respondents did not provide the Court with the complete trial transcript; however, the Court's ability to address the relevant issues at bar is not inhibited by the absence of a small portion of the state court record. See Ex. B.

Based upon a review of the record, Petitioner does not assert or demonstrate that he has new evidence establishing actual innocence that was not available at the time of trial. Petitioner's counsel knew about these witnesses prior to trial; he listed them in the notice of alibi and in the discovery response. The record shows that defense counsel knew they were in the courtroom and were available.

Also of import, at a post conviction motion evidentiary hearing, Sonny Scaff testified that Petitioner never told him that he was with his mother and/or father on March 8, 1993, the date of the offense in Suwannee County. Ex. R at 81. Mr. Scaff attested that Petitioner's parents said "they could not tell me anything about what went on on March 8th. Id. at 82. Furthermore, although defense counsel knew Petitioner's parents were in attendance at the trial, he concluded that they could not be alibi witnesses. Id. at 87-88. Mr. Scaff testified that Petitioner told him he was staying at his ex-wife's place in Jacksonville on the date of the crime.[6] Id. at 88.

The circuit court, in denying the motion for post conviction relief, held the following:

[6] Defense counsel attempted to subpoena Petitioner's ex-wife, but the defense was unable to serve her. Ex. R at 87. After some discussion, Petitioner and his counsel decided to proceed rather than request a continuance to attempt to find Petitioner's ex-wife, who was apparently "hiding out" and avoiding being served with a subpoena. Id.

> The Defendant alleges that he had a valid alibi defense, and that his trial counsel, Sonny Scaff, refused to raise same at trial. The Defendant acknowledges that his trial testimony contradicts his alleged alibi defense, but contends that Mr. Scaff advised him to lie and forego the alleged alibi defense. The Defendant's parent's testimony at the hearing held on October 4, 1999 was consistent with the Defendant's alibi defense. However, the parents attended the entire trial and did not testify. The Court finds the testimony of the Defendant and his parents to be less than credible. Trial counsel (Mr. Scaff) produced a letter he received from the Defendant prior to trial, wherein the Defendant stated his whereabouts on various dates. This letter, admitted into evidence, contradicts the Defendant's current alleged alibi defense. Upon seeing the letter the Defendant denied the letter was authored by him but admitted that it appeared to contain his signature. Moreover, Attorney Scaff testified that the Defendant did not present alibi to him as a defense. Thus, based on the credible evidence, no valid alibi defense was ever presented to Attorney Scaff. Therefore, the Defendant is not entitled to relief on this basis. Torres Arboleda v. State, 636 So.2d 1321 (Fla. 1994).

Ex. S at 185-86 (enumeration omitted).

Petitioner has not offered any new reliable evidence that was not available at the time of his trial. Upon due consideration, he has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. In conclusion, the Court finds that Petitioner has not met the requirements of Schlup and its progeny.

Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, this case will be dismissed with prejudice as untimely.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's request for an evidentiary hearing, contained in his Reply (Doc. 24), is **DENIED**.

2. The Petition (Doc. 1) is **DISMISSED with prejudice** as untimely.

3. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[7] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

---

[7] If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after due consideration, this Court will deny a certificate of appealability.

filed in this case. Such termination shall serve as a denial of the motion.

5. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of July, 2017.

BRIAN J. DAVIS
United States District Judge

sa 6/28
c:
Frank D. Greeson
Counsel of Record